United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICARDO A. VASQUEZ CRUZ,<br><br>   Petitioner,<br><br>  v.<br><br>JEFFERSON BEAUREGARD SESSIONS, III, et al.,<br><br>   Respondents. | Case No. 18-CV-06215-LHK<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 1, 2 |

On October 11, 2018, Petitioner Ricardo Vasquez Cruz ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 1 ("Petition"). Petitioner is a native and a citizen of El Salvador who is currently detained in Immigration and Customs Enforcement ("ICE") custody. *See* Petition ¶ 7; ECF No. 1-3, Exh. F ("Vasquez Cruz Decl.") ¶¶ 1–2; ECF No. 8 ("Resp.") at 2. Petitioner argues that his prolonged detention without a bond hearing is unlawful and in violation of due process, and requests that the Court either (1) order his immediate release; or (2) order Respondents Jefferson B. Sessions, III; Kristjen Nielsen; David W. Jennings; and Steven L. Durfor ("Respondents") to provide Petitioner "a custody hearing at which the government is required to justify continued detention by clear and convincing evidence that

1

Case No. 18-CV-06215-LHK
ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

[Petitioner] is a danger or flight risk." Petition ¶¶ 4, 42.

On October 11, 2018, Petitioner also filed a motion for a temporary restraining order ("TRO") seeking the same relief. *See* ECF No. 2; ECF No. 1-1 ("TRO"). On October 12, 2018, the Court ordered Respondents to respond to Petitioner's TRO motion. *See* ECF No. 7. On October 19, 2018, Respondents filed a Response. *See* Resp. On October 24, 2018, Petitioner filed a Reply. *See* ECF No. 9 ("Reply").

Having considered the briefing and exhibits submitted by the parties, the Court concludes that Petitioner has failed to exhaust his administrative remedies. The Court therefore DISMISSES without prejudice Petitioner's habeas petition and DENIES as moot Petitioner's TRO motion.

**I.  BACKGROUND**

Petitioner first entered the United States in 1999 after fleeing El Salvador because of gang violence. Vasquez Cruz Decl. ¶ 2. Beginning in 2001, Petitioner held lawful status as a Temporary Protected Status ("TPS") beneficiary. *Id.* ¶ 3. Although not at issue in this case, Petitioner was convicted of a violation of California Penal Code § 273.5(a), corporal injury of a spouse or cohabitant, in 2004. ECF No. 8-1 ("Jager Decl.") ¶ 5. In 2016 and 2017, Petitioner was arrested and convicted of driving on a suspended license, driving under the influence, and sleeping intoxicated in his parked car. Vasquez Cruz Decl. ¶¶ 5–7; Jager Decl. ¶¶ 6–9. At issue here, Petitioner was convicted on January 16, 2018, of felony violations of: (1) California Penal Code § 273.5(a), corporal injury of a spouse or cohabitant; and (2) California Penal Code § 273a(a), child abuse. Jager Decl. ¶ 10. Petitioner was sentenced to 364 days in jail and three years of probation for these 2018 offenses. *Id.* Because of Petitioner's convictions, Petitioner lost his status as a TPS holder. Petition ¶ 12; Vasquez Cruz Decl. ¶¶ 7–8.

On May 17, 2018, immediately after serving his jail sentence, Petitioner was arrested by ICE agents, who have held Petitioner in custody since that date. Petition ¶ 13; Vasquez Cruz Decl. ¶ 8. Petitioner was served with a Notice to Appear charging Petitioner as removable from the United States under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), which

2

provides for the removal of aliens present without admission or parole. Jager Decl. ¶ 12; ECF No. 8-2, Exh. A. Petitioner is currently in removal proceedings before Immigration Judge ("IJ") Joseph Park. Petition ¶ 2.

On June 26, 2018, Petitioner requested a custody redetermination hearing (also referred to throughout as a "bond hearing"). Pursuant to 8 U.S.C. § 1226(a), an alien may be detained pending a decision of whether the alien is to be removed from the United States. Under this provision, the Attorney General may keep the alien in detention or allow release on condition of parole or bond. *Preap v. Johnson*, 831 F.3d 1193, 1198–99 (9th Cir. 2016). If the Attorney General decides to detain the alien, the alien may seek review of the Attorney General's decision at a hearing before an IJ, 8 C.F.R. § 236.1(d)(1), and the IJ may overrule the decision and grant release on bond. *Id.* In those hearings, the alien bears the burden of proving that he is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Id.* (citation omitted).

Relevant here, however, pursuant to 8 U.S.C. § 1226(c), the Attorney General is mandated to detain any alien who has, for instance, committed a Crime Involving Moral Turpitude ("CMIT"). An individual detained under § 1226(c) may ask an IJ to reconsider whether the mandatory provision applies to him. During this hearing, called a "Joseph hearing," the detainee "may avoid mandatory detention by demonstrating that he is not an alien, that he was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that the detainee is in fact subject to mandatory detention." *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)). If an alien is properly detained under § 1226(c), the IJ will not have authority to release the alien on bond. *See* 8 C.F.R. § 1003.19(h)(2)(i)(D) ("[A]n immigration judge may not redetermine conditions of custody imposed by [DHS] with respect to . . . [a]liens in removal proceedings subject to section 236(c)(1) of the Act.").

On June 27, 2018, in response to Petitioner's June 26, 2018 request for a bond hearing, the

3

Case No. 18-CV-06215-LHK
ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

IJ scheduled a hearing for Petitioner to show that Petitioner was eligible for bond, was not a flight risk, and was not a danger to the community. ECF No. 1-3, Exh. B ("June 27, 2018 IJ Order"); Petition ¶ 14; Jager Decl. ¶ 13. Petitioner's July 17, 2018 motion to set bond argued that none of Petitioner's past criminal convictions constitute CIMTs and that Petitioner was not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). Petition ¶ 15; ECF No. 8-2, Exh. D. That same day, the IJ, citing his lack of jurisdiction, denied Petitioner's request for a bond hearing. Petition ¶ 2. In particular, the IJ found that Petitioner's California Penal Code § 273.5 conviction is a CIMT and that Petitioner is subject to mandatory detention. Petition ¶ 16; ECF No. 1-3, Exh. C ("July 17, 2018 IJ Order"). The IJ also found that, under INA § 236(c), the IJ lacked jurisdiction to grant a bond hearing. *Id.*

On July 24, 2018, Petitioner filed another request for a bond hearing and argued that the IJ had jurisdiction to hold a bond hearing. Jager Decl. ¶ 15; ECF No. 8-2, Exh. F. On August 1, 2018, the IJ denied Petitioner's second request for a bond hearing because the IJ again found that Petitioner failed to show that he is not subject to mandatory detention. Jager Decl. ¶ 16; ECF No. 8-2, Exh. G ("August 1, 2018 IJ Order").

On August 14, 2018, Petitioner timely filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"). Petition ¶ 2; ECF No. 1-3, Exh. G ("Notice of BIA Appeal"). The BIA ordered that briefs be filed on September 20, 2018. Jager Decl. ¶ 18; ECF No. 8-2, Exh. I. On August 24, 2018, the IJ issued a bond memorandum describing his rationale for denying Petitioner a bond hearing. Jager Decl. ¶ 18; ECF No. 8-2, Exh. J. On September 18, 2018, Petitioner filed his appeal brief with the BIA. Jager Decl. ¶ 20; ECF No. 8-2, Exh. K.

The BIA has yet to issue a decision on the bond issue. However, Petitioner is scheduled for a merits hearing on his applications for relief in defense of removal on November 19, 2018. Jager Decl. ¶ 21; ECF No. 8-2, Exh. L. Should relief be granted at that hearing, and the parties waive appeal, Petitioner will be released from ICE custody. Jager Decl. ¶ 21. At present, Petitioner has been detained since May 17, 2018, without a bond hearing at the Yuba County Detention Facility.

Petition ¶¶ 2, 7.

## II. DISCUSSION

Petitioner disputes the IJ's determination that Petitioner's California Penal Code § 273.5 conviction is a CIMT and that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). TRO at 6–7. Because the Court concludes that Petitioner has failed to exhaust his administrative remedies, the Court declines to review the IJ's CIMT determination.

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011). Here, it is undisputed that Petitioner has failed to exhaust his administrative remedies. *See* Petition ¶¶ 18–23; Resp. at 8–10. The IJ twice denied Petitioner's request for a bond hearing because the IJ found that Petitioner failed to show that Petitioner's conviction is not a CIMT and that Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). Petition ¶ 14; Jager Decl. ¶ 15. Petitioner filed an appeal to the BIA of the IJ's denial of Petitioner's motion for a bond hearing. Petition ¶ 18. Petitioner submitted briefing on the issue on September 18, 2018. *See* Notice of BIA Appeal. However, the BIA has not yet issued its decision. Petitioner contends that his failure to exhaust administrative remedies should be waived. Reply at 10–11.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Specifically, "courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815

5

Case No. 18-CV-06215-LHK
ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

(9th Cir. 2007) (internal quotation marks omitted). However, courts may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *SEC v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).

In support of his argument that exhaustion should be waived, Petitioner cites this Court's decision in *Villalta v. Sessions*, No. 17-CV-05390-LHK, 2017 WL 4355182 (N.D. Cal. Oct. 2, 2017), and two United States District Court for the District of Arizona cases, *Rios-Troncoso v. Sessions*, No. CV 17-01492-PHX-DGC (MHB), 2017 WL 3838686 (D. Ariz. Sept. 1, 2017), and *Marroquin-Perez v. Boente*, No. CV-17-00366-PHX-JJT (JFM), 2017 U.S. Dist. LEXIS 122208 (D. Ariz. Aug. 1, 2017). *See* TRO at 24; Reply at 10–12.

However, *Villalta* and the two Arizona cases are distinguishable. All three of these cases involved detention under 8 U.S.C. § 1231(a), which requires a bond hearing after 90 days. Specifically, 8 U.S.C. § 1231(a) contains two detention provisions: 8 U.S.C. § 1231(a)(2) and 8 U.S.C. § 1231(a)(6). *Villalta*, 2017 WL 4355182, at *5. The first provision, 8 U.S.C. § 1231(a)(2), authorizes mandatory detention of the alien for a 90-day period called the "removal period." *Id.* at *4–5. After the 90-day removal period is over, 8 U.S.C. § 1231(a)(6) authorizes detention "beyond the [90-day] removal period" of an alien "who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." *Id.*

In *Villalta*, the petitioner had been detained for more than eight months without a bond hearing. *Id.* at *3. In *Rios-Troncoso*, the petitioner had been detained longer than six months without a bond hearing. 2017 WL 3838686, at *1. In *Marroquin*, the court determined petitioner was entitled to a periodic bond hearing every six months, and that the petitioner had been detained for more than 15 months without such a periodic bond hearing. 2017 U.S. Dist. LEXIS 12208 at *6. By contrast, Petitioner in the instant case has not been deprived of a bond hearing to which he is statutorily entitled.

6

Case No. 18-CV-06215-LHK
ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

Moreover, Ninth Circuit precedent dictated the result in *Villalta*. Specifically, the Ninth Circuit held in *Diouf v. Napolitano* (*Diouf II*), "that an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community." *Id.* at *6 (citing 634 F.3d 1081, 1092 (9th Cir. 2011)). The instant Court held that because the petitioner in *Villalta* had been subject to prolonged detention pursuant to § 1231(a)(6), "*Diouf II* clearly commands that Petitioner is entitled to a bond hearing at which the government must justify Petitioner's continued detention by establishing that Petitioner is a flight risk or a danger to the community." *Id.* at *7 (citing 634 F.3d at 1092). In *Villalta*, *Rios-Troncoso*, and *Marroquin*, the administrative process had failed the petitioners by depriving them of bond hearings to which they were entitled by statute and by Ninth Circuit precedent. Thus, waiver of exhaustion was appropriate in those circumstances. By contrast, Petitioner in the instant case has not been deprived of a bond hearing to which he is entitled by statute or Ninth Circuit precedent.

Unlike § 1231(a), which provides for a bond hearing after the 90-day removal period, the statute that governs the detention of the Petitioner in the instant case provides for mandatory detention until Petitioner's removal proceedings have been completed. *See* 8 U.S.C. § 1226(c). Recently, in *Jennings v. Rodriguez,* the United States Supreme Court emphasized that "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." 138 S. Ct. 830, 847 (2018). Here, there is no question that Petitioner is still undergoing removal proceedings. Therefore, so long as Petitioner is subject to 8 U.S.C. § 1226(c), he is subject to mandatory detention until the end of those proceedings unless he is released for witness-protection purposes.

Moreover, unlike the *Villalta* petitioner, Petitioner in the instant case has not shown an inadequacy in the administrative process that would justify the Court's waiver of Petitioner's failure to exhaust. The Ninth Circuit has stated that an alien dissatisfied with an IJ's bond

7

Case No. 18-CV-06215-LHK
ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

determination has the option of appealing to the BIA. *Leonardo*, 646 F.3d at 1160. Petitioner in the instant case has done so, but the BIA has not yet issued its decision. If Petitioner is dissatisfied with the BIA's decision, he then may file a petition for habeas corpus in the district court. *Id.* The Court finds no reason to allow Petitioner to bypass the administrative scheme and to file his habeas petition prematurely. Moreover, relaxation of the exhaustion requirement here would encourage deliberate bypass of the administrative scheme. *Puga*, 488 F.3d at 815. Instead, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* Moreover, the Court does not find that administrative remedies in the instant case are inadequate or not efficacious or that pursuit of administrative remedies would be a futile gesture. *Laing*, 370 F.3d at 1000.

Furthermore, in the instant case Petitioner asks the Court to review de novo the legal question of whether Petitioner's crime of conviction, California Penal Code § 273.5, is a CIMT. The Ninth Circuit has repeatedly held that this is a question of law over which the Ninth Circuit has jurisdiction. *See, e.g.*, *Cervantes v. Holder*, 772 F.3d 583, 587 (9th Cir. 2014) ("Whether a crime involves moral turpitude is such a question of law. . . . We therefore have jurisdiction to review [petitioner's] petition, and we conduct our review de novo." (citations omitted)). Although Petitioner in the instant case is not being charged as removable because of his CIMT, s*ee* Resp. at 11; Reply at 9, by asking the Court to review whether Petitioner's conviction is a CIMT, Petitioner is effectively asking the Court to review a question that is usually "part and parcel" of the removal proceeding process itself. *See J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031–33 (9th Cir. 2016) (citing *Aguilar v. U.S. Immigration and Customs Enforcement*, 510 F.3d 1, 13 (1st Cir. 2007) (discussing 8 U.S.C. § 1252(a)(5) and § 1252(b)(9), which are provisions that channel judicial review over final removal orders to the Court of Appeals). Petitioner's failure to cite a single district court opinion opining on whether a § 273.5 conviction is a CIMT underscores the fact that this legal question is generally appropriately before the Court of Appeals.

Moreover, even the Ninth Circuit defers the legal question of whether a § 273.5 conviction

8

Case No. 18-CV-06215-LHK
ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

is a CIMT to the BIA.[1] *See, e.g.*, *Morales-Garcia v. Holder*, 567 F.3d 1058, 1067 (9th Cir. 2009) (remanding to the BIA to consider whether a conviction for violation of California Penal Code § 273.5 qualifies as a CIMT under the modified categorical approach); *Sandoval v. Lynch*, 657 F. App'x 700, 703 (9th Cir. 2016) (remanding to the BIA the question of whether petitioner's conviction for a violation of California Penal Code § 273.5 is categorically a CIMT and whether the statute is divisible).

In *Sandoval*, the Ninth Circuit found deference to the BIA especially appropriate because the law regarding whether a § 273.5 conviction is a CIMT has become unsettled in light of recent case law. 657 F. App'x at 703; *see, e.g., Morales-Garcia v. Holder*, 567 F.3d 1058, 1064–67 (9th Cir. 2009) (holding that California Penal Code § 273.5 is not categorically a CIMT); *Cervantes*, 772 F.3d at 588 (holding that California Penal Code § 273.5 is divisible); *People v. Burton*, 243 Cal. App. 4th 129 (2015) (disagreeing with the Ninth Circuit's decision in *Morales-Garcia* that California Penal Code § 273.5 is not categorically a CIMT); *Carrillo v. Holder*, 781 F.3d 1155, 1158–59 (9th Cir. 2015) (finding that California Penal Code § 273.5 is categorically a crime of domestic violence); *Mathis v. United States*, 136 S. Ct. 2243 (2016) (clarifying the inquiry for determining whether a statute is divisible, and therefore subject to the modified categorical approach); *Heredia v. Sessions*, 720 F. App'x 376, 379 (9th Cir. 2017) (reiterating, without considering *Mathis*, the Ninth Circuit's decision in *Cervantes* that California Penal Code § 273.5 is divisible). Thus, the Court agrees with the Ninth Circuit that the question of whether Petitioner's conviction is a CIMT is best decided by the BIA in the first instance. In the instant case, "agency expertise makes agency consideration necessary to generate a proper record and reach a proper

---

[1] Similarly, the Ninth Circuit defers to the BIA to determine whether other convictions constitute CIMTs as well. *See, e.g.*, *Pannu v. Holder*, 639 F.3d 1225, 1229 (9th Cir. 2011) (remanding to the BIA to reconsider whether petitioner's conviction for failing to register as a sex offender is a CIMT); *Ceron v. Holder*, 747 F.3d 773, 784 (9th Cir. 2014) (en banc) ("Given the circumstances, the prudent course of action is to remand this case to the BIA to consider the issue in the first instance. . . . That first opportunity to decide is especially important because, as we have noted, we ordinarily defer to the BIA's determination whether a state statute categorically constitutes a crime involving moral turpitude." (citations omitted)).

9
Case No. 18-CV-06215-LHK
ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

1  decision." *Puga*, 488 F.3d at 815.

2  Therefore, considering all the factors set forth in *Puga* and *Laing*, the Court will not waive Petitioner's failure to exhaust in the instant case. Accordingly, the Court dismisses without prejudice Petitioner's § 2241 petition.

### III. CONCLUSION

For the foregoing reasons, the Court DISMISSES without prejudice Petitioner's § 2241 petition. Because the Court dismisses Petitioner's § 2241 petition, the Court DENIES as moot Petitioner's TRO motion.

**IT IS SO ORDERED.**

Dated: November 18, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge